IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 MAR 15 P 12: 11

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| U.S. FIRE INSURANCE COMPANY )<br>)<br>and )<br>)<br>GOLDEN PEANUT COMPANY, LLC, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>CANAL INSURANCE COMPANY, )<br>)<br>    Defendant. ) | CIVIL ACTION NO. 2:06mc3287-WHA |

### UNITED STATES FIRE INSURANCE COMPANY'S AND GOLDEN PEANUT'S MOTION TO QUASH, OR ALTERNATIVELY, TO MODIFY PLAINTIFF'S SUBPOENA OF DEFENDANTS' FORMER ATTORNEY DOCUMENTS

For the reasons stated below, Plaintiffs United States Fire Insurance Company ("U.S. Fire") and Golden Peanut Company, LLC ("Golden Peanut"), object to and move to quash Canal Insurance Company's ("Canal's") subpoena of documents to Anthony (Tony) Higgins, their former attorney. That subpoena is attached as Exhibit "A."

### Brief Statement of Facts

The subpoena at issue was served during a limited discovery period in a declaratory judgment action pending in United States District Court, Southern District of Alabama, *Canal Insurance Co., Inc., v. Golden Peanut Co., LLC, et al.*, CV-04-0094-KD-C. This action is pending before Judge

---

[1] This action is closely related to two other miscellaneous cases filed in this district: 2:06-MC-3285, and 2:06-MC-3286. Although brought by different parties, these cases challenge the same subpoena on similar grounds. Canal Insurance Company issued the challenged subpoena in an action currently pending in the Southern District of Alabama, *Canal Insurance Co., Inc., v. Golden Peanut Co., LLC, et al.*, CV-04-0094-KD-C.

1

Kristi DuBose and Magistrate Judge William Cassady. The declaratory judgment action arises out of an automobile accident in which tractor driver Jason Tillery, an employee of Christopher Thomas, Inc., was hauling a trailer that belonged to Golden Peanut. The issues remaining in that case involve the apportionment among insurers of responsibility for defense and indemnity in a wrongful death action arising out of the accident and filed against Tillery, Christopher Thomas, Inc., and Golden Peanut. The insurers whose policies are at issue are: Canal, U.S. Fire, and St. Paul Fire and Marine Insurance Company ("St. Paul").

On March 1, 2006, Canal Insurance Company, the Plaintiff in the declaratory judgment action, served on Tony Higgins a subpoena for production of numerous records. This subpoena was filed in the Middle District based on the fact that Mr. Higgins practices in Montgomery, Alabama. Mr. Higgins served as U.S. Fire's, Golden Peanut's, and St. Paul's attorney in the declaratory judgment action for a period of time, but is no longer representing them in that case. Mr. Higgins was also Golden Peanut's attorney in the underlying wrongful death action.

The formal discovery deadline in the declaratory judgment action was originally set for September 17, 2004. On February 4, 2005, in a reply brief in support of its summary judgment motion, and subsequently, in a motion to amend, Canal raised certain new defenses to coverage for Tillery. The other parties objected to the new coverage defenses as being prejudicial and untimely, and also opposed Canal's raising of the new coverage defenses on grounds of waiver and estoppel.

After a hearing on March 30, 2005, Judge Callie V. S. Granade[2] ruled that Canal could raise the new coverage defenses. The Court further stated, "However, it is possible that Canal has waived

---

[2]Judge Granade originally presided over the declaratory judgment action. The action was transferred to Judge Kristi DuBose on January 3, 2006.

2

its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and defendants should be given the opportunity to conduct discovery concerning Canal's new positions. Therefore, the Court finds it appropriate to allow the parties to conduct discovery **on these issues** and to allow the defendants to rebut this recent assertion by Canal." Doc. 143, *April 1, 2–5 Order*, p. 5 (emphasis added), attached as Exhibit "B." The Court ordered that "[discovery] is [reopened] for the **limited purpose** of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *Id.* p. 6 (emphasis added). In subsequent scheduling orders allowing additional time for discovery, the Court reiterated the same limitations on the additional discovery. *See* Doc. 165, *April 28, 2005 Order*, ¶ 1; & Doc. 170, *September 15, 2005 Scheduling Order*, ¶ 1, attached as Exhibits "C" and "D."

Since the limited extension of the discovery deadline, Canal has attempted to engage in formal discovery that exceeds the bounds of discovery set by the Southern District in its Orders. Much of the discovery Canal seeks, including the subpoena of Tony Higgins's records, has no arguable relation to Canal's alleged defenses to its coverage responsibilities of Jason Tillery, or to whether Canal has waived or is estopped from asserting those defenses.

### Standard of Review

"On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(2)(A)(iii) & (iv).

## **Argument**

As explained below, the subpoena should be quashed because it violates the limited scope of discovery as permitted in the declaratory judgment action, thereby subjecting U.S. Fire and Golden Peanut to an undue burden. In addition, the subpoena should be quashed because it seeks privileged and protected material.

Pursuant to the Scheduling Orders entered in the declaratory judgment action, discovery is permissible at this time only as to "whether Canal's policy covers Jason Tillery, whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues." *See* Doc. 143, *April 1, 2005 Order*, pp. 5-6; Doc. 170, *September 15, 2005 Supplemental Scheduling Order* ¶ 1, attached as Exhibits "B" and "D." The subpoena seeks documents outside the limited scope of discovery permitted by the Scheduling Orders of the Southern District. Canal's demands for production of documents from U.S. Fire's and Golden Peanut's former attorney have no relation to any of the three areas of discovery outlined by the Southern District and are outside the limited scope of the Court's Orders, and, thus, the subpoena should be quashed.[3]

---

[3] A party has standing to oppose the subpoena of a nonparty when the subpoena violates case management orders issued under Fed. R. Civ. P. 16 and 25. *See, e.g., Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005) (finding that a Defendant has "standing to move to quash or modify the subpoena of a nonparty based on inadequate notice" because "a party has standing to move to enforce the Court's orders and rules"); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 n.3 (S.D. Cal. 1999). In this case, U.S. Fire and Golden Peanut have standing to oppose the subpoena on the basis of undue burden because they are asserting their own right to prepare their case in reliance on this Court's Orders, and their own interests in preventing the undue burden they would face if Canal obtained discovery not permitted to any party, including U.S. Fire and Golden Peanut, under those Orders. *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 ___ n.3; 2001 LEXIS 16961 at * 10 n.3 (N.D. Ga. 2001) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'").

In addition, because it violates this scope of discovery as prescribed by the Court, the subpoena of U.S. Fire and Golden Peanut's attorney's records poses an undue burden to U.S. Fire and Golden Peanut. For example, in light of this Court's Orders, U.S. Fire and Golden Peanut cannot engage in discovery as to the issues on which Canal is trying to obtain discovery through the subpoena. To allow Canal's subpoena to stand would permit Canal alone to obtain discovery outside the limits set by the Court and, thus, may provide Canal an unfair advantage in this litigation. Furthermore, the subpoena should be quashed because it subjects U.S. Fire and Golden Peanut to the particularly *undue* burden and expense of having to litigate a case in which their former attorneys' protected and confidential files, communications, mental impressions, strategies, and legal theories have been publicized pursuant to a subpoena issued in violation of Court-imposed discovery limitations. Thus, the subpoena should be quashed because it is wholly aimed to obtain documents that are immaterial and irrelevant to the limited issues on which discovery was reopened by the Southern District Court, and because production of these documents will unduly burden U.S. Fire and Golden Peanut.

In addition, the subpoena of U.S. Fire and Golden Peanut's former attorney's records should be quashed because it requires the disclosure of privileged or other protected matter and, in so doing, subjects U.S. Fire and Golden Peanut to an undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv); *see also* Fed. R. Civ. P. 26(b)(1) (limiting discovery to material that is "not privileged"); Fed. R. Civ. P. 26(b)(3) (protecting trial preparation material); Doc. 143, *April 1, 2005 Order*, pp. 5-6 (limited the scope of discovery permitted after expiration of the original discovery deadline in this case); Doc. 170, *September 15, 2005 Scheduling Order* ¶ 1 (same).

The Federal Rules permit discovery only as to "any matter [] not privileged." *See* Fed. R. Civ. P. 26(b)(1). Under Alabama law,[4]

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client, (1) between the client or a representative of the client and the client's attorney or a representative of the attorney, or (2) between the attorney and a representative of the attorney, (3) by the client or a representative of the client or the client's attorney or a representative of the attorney to an attorney or a representative of an attorney representing another party concerning a matter of common interest, (4) between representative of the client and between the client and a representative of the client resulting from the specific request of, or at the express direction of, an attorney, or (5) among attorneys and their representative representing the same client.

Ala. R. Evid. 502.

Furthermore, a party's attorney's work product in anticipation of litigation is protected under Rule 26(b)(3) as follows:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney . . .) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

However, even if a party is able to demonstrate substantial need for access to, and inability to otherwise obtain the equivalent of, materials created for another party by its attorney in anticipation of litigation, the court shall nevertheless "protect against disclosure of the mental

---

[4]"[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501; *see also Somer v. Johnson*, 704 F. 2d 1473, 1487 (11th Cir. 1983) (stating that, in a diversity action, state law governs whether materials sought in discovery are privileged). This is a diversity action; therefore, the existence of a privilege is governed by state law.

6

impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation." See Fed. R. Civ. P. 26(b)(3).

Tony Higgins is U.S. Fire and Golden Peanut's former attorney.[5] The subpoena requires him to produce documents related to his representation of U.S. Fire and Golden Peanut in this case such as:

- "any and all documents that relate, in any way, to Golden Peanut Company, LLC's[,] United States Fire Insurance Company's and/or U.S. Fire and Golden Peanut Fire and Marine Insurance Company's decision to demand defense and/or indemnity from Canal Insurance Company on or about January 7, 2004." (item1);

- "all communication sent to U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for . . . defense and/or indemnity . . . ." (item 2); and

- "all communications received from U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for . . . defense and/or indemnity . . . ." (item 3);

---

[5]Tony Higgins has also represented St. Paul in this action. (U.S. Fire and St. Paul insured Golden Peanut.) Should the Court find that some of the documents subpoenaed by Canal were created solely for a client other than U.S. Fire and Golden Peanut or are not privileged as to U.S. Fire and Golden Peanut, U.S. Fire and Golden Peanut respectfully request that, for the reasons given in this motion for an order quashing the subpoena, the Court modify the subpoena to prevent discovery of any documents or things in which U.S. Fire and Golden Peanut has an attorney-client privilege or that were produced by U.S. Fire and Golden Peanut in anticipation of litigation. See Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv) (directing a court to "quash *or modify* a subpoena that requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden" (emphasis added)).

- "all documents that relate, in any way, to [Higgins'] written representation that [U.S. Fire] and/or [St. Paul] would respond to Canal's demand for defense and/or indemnity 'as quickly as possible'" (item 4);

- "all documents that relate, in any way, to Golden Peanut Company LLC's decision to answer interrogatories in the underlying lawsuit . . . and take the position that Golden Peanut was not a motor carrier under the ICC regulations" (item 5);

- "all documents where U.S. Fire instructed you to file a summary judgment motion and admit that Thomas and Tillery were insured under U.S. Fire's policies of insurance" (item 7).

On their face, these demands for production of documents, as well as all the other demands in the subpoena that are not listed here, are wholly directed at materials that reveal communications subject to the attorney-client privilege or documents that are the protected product of an attorney's work prepared for U.S. Fire and Golden Peanut in anticipation of litigation. *See* Ex. A. Canal has no need, substantial or otherwise, for the materials created in anticipation of litigation, and cannot demonstrate an inability to legitimately obtain any information in them by another means.

Moreover, the subpoena's demands require disclosure of mental impressions, conclusions, opinions or legal theories of U.S. Fire and Golden Peanut's former attorney concerning the litigation, and would not be discoverable even if Canal could somehow made the requisite showing. *See id.* Therefore, the materials are not discoverable, and U.S. Fire and Golden Peanut are entitled to their protection from discovery.

Accordingly, the subpoena is due to be quashed.

## Conclusion

For the reasons stated above, the subpoena of Tony Higgins's documents violates the discovery limitations set by the Court, requires disclosure of privileged or other protected matters, and subjects U.S. Fire and Golden Peanut to undue burden. Therefore, U.S. Fire and Golden Peanut respectfully submit that the subpoena should be quashed.

Alternatively, should the Court find that some of the documents subpoenaed by Canal were created solely for a client other than U.S. Fire and Golden Peanut or are not privileged as to U.S. Fire and Golden Peanut, U.S. Fire and Golden Peanut respectfully request that, for the reasons given in this motion for an order quashing the subpoena, the Court modify the subpoena to prevent discovery of any documents or things in which U.S. Fire and Golden Peanut has an attorney-client privilege or that were produced for U.S. Fire and Golden Peanut in anticipation of litigation.

Magistrate Judge William E. Cassady in the Southern District has overseen and ruled upon discovery disputes in this case. Currently pending before Judge Cassady is U.S. Fire's Motion for Protective Order relating to a request for production of documents that is similar to the subpoena issued to Tony Higgins. *See* Ex. E, *Motion for Protective Order*. Resolution of the Motion for Protective Order will require the resolution of issues related to the issues implicated in the foregoing motion to quash. For example, U.S. Fire's Motion for Protective Order seeks protection based on the Court-imposed limitations on the scope of discovery in the declaratory judgment action. **Based on Judge Cassady's familiarity with this action and the issues involved in the case, and to minimize the possibility of inconsistent discovery rulings, U.S. Fire and Golden Peanut respectfully request that the Middle District transfer this Motion to Judge William E. Cassady in the Southern District for hearing, ruling, and resolution.**

        Respectfully submitted,

        _____
        Carol Ann Smith, (ASB-3485-T81C)
        Attorney for United State Fire Insurance Company

**OF COUNSEL:**
Smith & Ely, LLP
2000-A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
Telephone: (205) 802-2214
Fax: (205) 879-4445
casmith@smith-ely.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| __x__ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | E-File |

on this the 15th day of March, 2006.

_____
OF COUNSEL

cc:

Joseph Edward Bishop Stewart
K. Donald Simms
Austill, Lewis & Simms, P.C.
2101 Highland Avenue South
Suite 500
Birmingham, AL 35205

William E. Pipkin, Jr.
Austill, Lewis & Simms, Pipkin & Moore, P.C.
Commerce Building
Suite 508
118 North Royal Street
Mobile, AL 36602

Joseph Daniel Talmadge, Jr.
Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge
3334 Ross Clark Circle
Dothan, AL 36302

Scott M. Salter
Starnes & Atchison, LLP
100 Brookwood Place
7th Floor
Birmingham, AL 35209