# Exhibit "D"

Case 2:06-mc-03287-MHT-WEC    Document 2-5    Filed 03/17/2006    Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CANAL INSURANCE COMPANY, :

    Plaintiff, :

vs. :

: CA 04-0094-CG-C

GOLDEN PEANUT COMPANY, LLC, :
et al.,

:

    Defendants.

## SUPPLEMENTAL RULE 16(b) SCHEDULING ORDER

After consideration of the supplemental Fed.R.Civ.P. 26(f) report filed September 12, 2005 (Doc. 168), and the Court's record, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1. **ISSUES SUBJECT TO DISCOVERY.** The stay in this action is now **LIFTED** given the fact that the underlying action, 03-819-CG-B, was settled on or about August 16, 2005. The scope of outstanding discovery in this action has been established in Chief Judge Granade's Order of April 1, 2005 (Doc. 143): "DISCOVERY is REOPENED for the limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues."

2. **DISCOVERY COMPLETION DATE.** The limited discovery authorized herein is to be completed on or before February 15, 2006. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed

and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3. <u>INITIAL DISCLOSURES</u>. The initial disclosures required by Fed.R.Civ.P. 26(a)(1) have been exchanged.

4. <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>. The parties do not anticipate amendments or joinder of parties.

5. <u>EXPERT TESTIMONY</u>. The parties have not identified a need for expert reports or testimony.

6. <u>PRETRIAL DISCLOSURES</u>. The information described in Fed.R.Civ.P. 26(a)(3) shall be **disclosed** not later than **April 24, 2006**. The filing requirement of Fed.R.Civ.P. 26(a)(4) is met by the filing of the proposed pretrial order as required by Chief Judge Granade in all of her civil cases.

7. <u>SUPPLEMENTATION</u>. Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably." All supplementation shall be completed no later than **March 15, 2006**.

8. <u>FINAL PRETRIAL CONFERENCE</u>. This action shall be pretried by Chief Judge Callie V.S. Granade, on **May 15, 2006** at **2:30** p.m., in Mobile, Alabama. Requests for extending the convening of the pretrial conference will be granted only if good cause for the extension has been exhibited. <u>A COPY OF CHIEF JUDGE GRANADE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.</u>

9. <u>TRIAL DATE</u>. This non-jury trial shall be scheduled during the month of **June, 2006**, in Mobile, Alabama, the specific date to be set once the total number of actions to be tried that month is determined. The parties have estimated that this action will require 3-4 trial days.

2

10. **DISCOVERY LIMITS.** Discovery is limited as follows:

    a. Not more than 25 interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

    b. Not more than 10 depositions may be taken by each party, limited in duration as expressed by the parties in ¶ 5 of their Report;

    c. Not more than two set(s) of requests for admissions may be served by each party upon any other party. Responses are due within thirty (30) days of service;

    d. Not more than two set(s) of requests for production of documents may be served by each party upon any other party.[1] Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.

In applying these limits, all parties represented by the same counsel will be treated as a single party.

11. **DISCOVERY MOTIONS.** The following requirements pertain to discovery motions filed in this Court:

    a. <u>Conferencing by Counsel.</u> The conferencing requirement of Fed.R.Civ.P. 26(c), 37(a)(2), and 37(d) will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant

---

[1] These written requests for documents are intended to aid the production of not only the documents identified pursuant to Rule 26(a)(1), but any other relevant documents. The requesting party is to follow the "rule of reasonableness" when deciding the number of requests that are necessary.

to Fed.R.Civ.P. 36(a).  Any such motion not containing the required certification will be stricken.[2]

        b.    <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court.  Any such motion shall quote <u>in full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

        c.    <u>Time for Responses</u>.  Unless within eleven (11) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion.  Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any

---

[2] Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.

4

affidavits and other documents setting forth or evidencing facts on which their response is based.

  d. <u>Direct Referrals</u>. Pursuant to local practice, all motions relating to discovery, which are filed prior to the final pretrial conference, will be referred directly to the undersigned for appropriate action. Motions filed after the final pretrial conference relating to the discovery process or seeking leave to engage in additional discovery will go to the trial judge initially.

  e. <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules and published on the Court's website, <u>http://www.als.uscourts.gov</u>).

 12. **DISPOSITIVE MOTIONS**. The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues. In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties shall identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **March 1, 2006**.

 13. <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>. Unless prior permission of the Court is given:

  a. Briefs filed in support of or in opposition to any motion shall comply with SD ALA LR 7.1(b) (June 1, 1997). The Court will look with disfavor upon a motion to exceed the page limitation and will only grant such a motion for extraordinary and compelling reasons.

5

b.  Any application to the Court for an order shall comply with LR 5.1(c&d).

c.  Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents may be obtained form the Clerk of the Court

14. **MODIFICATION OF RULE 16 ORDERS.** All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. Rule 16(b)&(e), Fed.R.Civ.P.

15. **SETTLEMENT/ADR.** A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan. Accordingly, the parties are ORDERED to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than the close of discovery. Rule 16(c)(9).

16. **LOCAL RULES.** All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.als.uscourts.gov. Local Rule 5.5(a) proscribes the filing of most discovery materials.

17. **SANCTIONS.** The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall

be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

DONE AND ORDERED this 14th day of September, 2005.

<u>s/WILLIAM E.CASSADY</u>
UNITED STATES MAGISTRATE JUDGE