# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 04-94-KD-C |
| | ) |
| UNITED STATES FIRE | ) |
| INSURANCE COMPANY, et al, | ) |
| | ) |
| Defendant(s). | ) |

## U.S. FIRE'S MOTION FOR PROTECTIVE ORDER

For the reasons stated below, Defendant U.S. Fire Insurance Company ("U.S. Fire") moves for a protective order protecting it from having to produce a privilege log or otherwise respond to discovery that exceeds the limits set for discovery in the Court's Orders of April 1, 2005, April 28, 2005, and September 15, 2005.

Canal has served certain document requests on U.S. Fire. *See* Ex. A. Those document requests seek material that is not discoverable because the requests are outside the bounds of discovery now permitted by this Court. In addition, by their express terms, the requests are wholly directed at obtaining attorney-client communications, protected trial preparation materials, attorney work-product materials, attorney mental impressions, and records of attorney mental processes.[1]

---

[1] For example, Canal requests "[a]ny and all records related to the receipt of Correspondence from [U.S. Fire's former attorney] Tony Higgins" regarding Canal's demands that U.S. Fire provide

Despite the fact that Canal's entire line of inquiry lies outside the currently-permitted bounds of discovery, Canal has demanded that U.S. Fire produce a privilege log to substantiate its claims of privilege and protection. However, the letter and spirit of the Rules and this Court's Orders do not require a party to undergo the burden and expense of producing a privilege log unless the material is "otherwise discoverable." *See* Fed. R. Civ. P. 26(b) (5) (requiring a privilege log only as to material that is "otherwise discoverable"); Fed. R. Civ. P. 26 (1993 Advisory Committee Notes to paragraph (b)(5)); Doc. 170, *Supplemental Rule 16(b) Scheduling Order*, p. 5 (stating that "[t]he provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced"); *United States v. Philip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003).

U.S. Fire and Canal have worked together in a good faith attempt to resolve this dispute without the necessity of Court intervention. *See, e.g.,* Exs. C & D.[2] However, those efforts have been unsuccessful, and U.S. Fire now moves for an Order protecting it from the annoyance, oppression, and undue and unreasonable

---

defense and indemnity to Jason Tillery and Christopher Thomas Inc., two of the defendants in the underlying action that gave rise to this coverage case. *See* Ex. A, Document Request 1.

[2] In addition to the correspondence attached to this motion, U.S. Fire and Canal also conferred by telephone in an attempt to resolve this matter without Court intervention.

burden and expense of subjection to document requests that are not relevant to the

scope of discovery permitted by the express Orders of this Court.

The full text of each request for production to which this motion is addressed,

and each objection thereto, accompanies this motion. *See* Exs. A & B. Tony Higgins,

who is referenced in the document requests, is U.S. Fire's former attorney in this

action, and was U.S. Fire's attorney in the underlying action.

## I.      Brief Procedural Background: the Context of the Current Limitations on Discovery

This declaratory judgment action arises out of an automobile accident in which

tractor driver Jason Tillery, an employee of Christopher Thomas, Inc. ("CTI"), was

hauling a trailer that belonged to Golden Peanut. The issues remaining in this case

involve the apportionment among insurers of responsibility for defense and indemnity

in a wrongful death action arising out of the accident and filed against Tillery, CTI,

and Golden Peanut.

The formal discovery deadline in this case was originally set for December 17,

2004. *See* Doc. 52. On February 4, 2005, in a reply brief in support of its summary

judgment motion, and, on February 14, 2005, in motions to amend pleadings, Canal

raised certain new defenses to coverage for Tillery. Specifically, Canal argued for the

first time that it owed no coverage to Tillery and that its policy was excess over all

3

other coverage. The other parties, including U.S. Fire, objected to Canal's new arguments as being prejudicially untimely in light of the fact that the discovery and dispositive motion deadlines had run, leaving them without an opportunity to conduct discovery on or respond to Canal's new positions. They also argued that Canal had waived, or was estopped from taking, its new positions.

After a hearing on March 30, 2005, this Court ruled that Canal could raise the new coverage defenses. The Court further stated, "However, it is possible that Canal has waived its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and **defendants should be given the opportunity to conduct discovery concerning Canal's new positions.** Therefore, the court finds it appropriate to allow the parties to conduct discovery **on these issues** and **to allow the defendants to rebut this recent assertion by Canal.**" Doc. 143, *April 1, 2005 Order*, p. 5 (emphasis added).

The Court then ordered that "[discovery] is [reopened] for the **limited purpose of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues.**" *Id.*, p. 6 (emphasis added). In subsequent scheduling orders allowing additional time for discovery, the Court

4

reiterated the same discovery limitations. *See* Doc. 170, *September 15, 2005 Scheduling Order* ¶ 1; *see also, e.g.,* Doc. 165, *April 28, 2005 Order,* ¶ 1.

## II. Standard of Review

Federal Rule of Civil Procedure 26(c) provides that, "upon motion by a party or by the person from whom discovery is sought, . . . for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Further, the 1993 Advisory Committee Notes to Federal Rule of Civil Procedure 26 state that "[a] party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing [a privilege log] would be an unreasonable burden."

Rule 26(b)(5) requires that,

> [w]hen a party withholds information **otherwise discoverable** under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

(emphasis added).

5

## Argument

"The obligation [under Rule 26(b)(5)] to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" Fed. Rule Civ. P. 26 (1993 Advisory Committee Notes).[3] Neither Rule 26(b)(5) nor this Court's Orders subject a party to the unreasonable and undue burden, oppression, annoyance, and expense of engaging in the empty exercise of

---

[3] *See also United States v. Philip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003) (emphasis added; citations omitted):

> [Rule 26(b)(5)] provides that any party claiming privilege for a document requested during discovery shall log the document on a privilege log. The 1993 Advisory Committee Notes explain the application of the rule when a party has pending objections to the document request. The Notes provide that the court should first rule on the pending objections and then, if it overrules those objections, give the party claiming privilege an opportunity to log the allegedly privileged documents. In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.

The 1993 Advisory Committee Notes to Rule 26(b)(5) provide the following example, illustrating that a privilege log is not required in the presence of "good faith" objections that the requested material is not "otherwise discoverable":

> If a broad discovery request is made—for example, for all documents of a particular type during a twenty year period—and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

Fed. R. Civ. P. 26 (1993 Advisory Committee Notes).

producing a privilege log to substantiate claims of privilege in response to discovery requests seeking material that is not "otherwise discoverable" in the first place.[4] Accordingly, U.S. Fire is entitled to an order protecting it from having to produce a privilege log or otherwise respond to document requests that violate the scope of discovery as prescribed by this Court.

Here, Canal's document requests do not seek material that is otherwise discoverable because the requests fall outside the limits of discovery permitted by the Court's Orders. In short, each of Canal's document requests seeks to discover material related to the substance, timing, and rationale of U.S. Fire's investigations and litigation decisions in relation to whether U.S. Fire owed coverage to CTI and Jason Tillery. *See generally* Exhibit A. However, the timing and substance of U.S. Fire's decisions as to whether U.S. Fire's policy covered CTI and Tillery, and U.S. Fire's reasons for making those decisions, are not relevant to the limited basis on which the Court reopened discovery after the expiration of the original discovery and dispositive motion deadlines: "[discovery] is [reopened] for the **limited purpose** of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is

---

[4] *See* Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 26 (1993 Advisory Committee Notes to Rule 26(b)(5)); Doc. 170, *Supplemental Rule 16(b) Scheduling Order*, p. 5 (stating that "[t]he provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced"); *see also, e.g., United States v. Philip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003).

excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 165, *April 28, 2005, Order*, ¶ 1; Doc. 170 (emphasis added); *see also September 15, 2005 Scheduling Order* ¶ 1.

Accordingly, U.S. Fire is entitled to an order protecting it from the having to produce a privilege log or otherwise respond to discovery requests that violate the scope of discovery as circumscribed by this Court's express Orders.

## III.  Requested Relief

For the reasons stated above, U.S. Fire respectfully requests the Court to enter an Order protecting it from the annoyance, oppression, and undue burden and expense of having to compile a privilege log to substantiate that its attorney-client communications and protected work product materials are indeed privileged, when the requested materials are not relevant or otherwise discoverable in the first instance. Attached as Exhibit E to this motion is a proposed Protective Order.

Alternatively, U.S. Fire respectfully requests that the Court require Canal to pay the costs of compiling such a privilege log, to relieve U.S. Fire of the undue burden and expense of having to compile such a log in response to requests for material that is not otherwise discoverable.

8

s/ Elizabeth Bowles

Elizabeth H. Bowles (ASB-7308-A54B) (BOWLE7308)
Carol Ann Smith (ASB-3485-T81C)
Joel S. Isenberg (ASB-8855-N76J)

**OF COUNSEL:**
Smith & Ely, LLP
2000-A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
Telephone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| x | E-File |

on this the 7th day of March, 2006.

s/ Elizabeth Bowles

OF COUNSEL

cc:

Joseph Edward Bishop Stewart
K. Donald Simms
Austill, Lewis & Simms, P.C.
2101 Highland Avenue South

9

Suite 500
Birmingham, AL 35205

William E. Pipkin, Jr.
Austill, Lewis & Simms, Pipkin & Moore, P.C.
Commerce Building
Suite 508
118 North Royal Street
Mobile, AL 36602

Joseph Daniel Talmadge, Jr.
Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge
3334 Ross Clark Circle
Dothan, AL 36302

Scott M. Salter
Starnes & Atchison, LLP
100 Brookwood Place
7th Floor
Birmingham, AL 35209

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

CANAL INSURANCE COMPANY,    )
        )
    Plaintiff,    )
        )
vs.    )
        )
CHRISTOPHER THOMAS, INC., et.    )
al.    )
        )
    Defendants.    )
        )    CIVIL ACTION NO.  04-0094-CG-C
ST. PAUL FIRE AND MARINE    )
INSURANCE COMPANY,    )
        )
    Counterclaim and Cross-Claim    )
    Plaintiff,    )
        )
v.    )
        )
CANAL INSURANCE COMPANY,    )
        )
    Counterclaim    )
    Defendant.    )

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES FIRE INSURANCE COMPANY

COMES NOW the plaintiff, Canal Insurance Company (hereinafter "Canal"), by and through the undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and requests defendant, United States Fire Insurance Company, to respond to plaintiff's second requests for production of documents, in the time provided for by law.

It is further requested that Defendant serve a written response hereto within 30 days after service of this request at the offices of Plaintiff's attorneys, K. Donald Simms and Joseph E. B. Stewart, AUSTILL, LEWIS & SIMMS, P.C., P.O. Box 11927, Birmingham, Alabama 35202, for any and all purposes provided for by the Federal Rules of Civil Procedure.

The term "document" should be construed by you as broadly as is permissible under the Federal Rules of Civil Procedure. The term is intended to encompass the following: any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers. The term includes, without limitation, photographs, photostats, x-rays, motion pictures, audio tape, video tape recordings, computer generated material, computer discs, CD-ROMs and any other form or type of computer stored or computer retrievable data, microfilm, and microfiche, or any other process by which information is reduced for storage or use.

If the document or information is in a computer readable form, please specify the software (including the exact version and release) used to create the information. Also specify any other software, hardware, or information such as passwords or user-supplied files that are required or desirable on the disks.

1.  Any and all documents related to the receipt of Correspondence from Tony Higgins regarding Canal's February 6, 2004 and April 13, 2004 demands for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.

2.  Any and all documents related to what U. S. Fire did to investigate facts giving rise to coverage under U.S. Fire's policies with respect to Jason Tillery and Christopher Thomas, Inc.

3.  Any and all documents related to what U. S. Fire did to respond to Canal's February 6, 2004 and April 13, 2004 demands for defense and/or indemnify on behalf of Jason Tillery and Christopher Thomas, Inc.

4.  Any and all documents related to why there was a nine (9) month delay by U. S. Fire in responding to Canal's February 6, 2004 demand for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.

5.  Any and all documents related to why there was a nearly seven (7) month delay by U.S. Fire in responding to Canal's April 13, 2004 demand for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.

6.  Any and all documents related to the decision of U. S. Fire to wait nine (9) months in responding to Canal's February 6, 2004 demand for defense and/or indemnify on behalf of Jason Tillery and Christopher Thomas, Inc.

7.  Any and all documents related to the decision of U. S. Fire to wait nearly seven (7) months in responding to Canal's April 13, 2004 demand for defense and/or indemnify on behalf of Jason Tillery and Christopher Thomas, Inc.

8.  Any and all documents related to U. S. Fire's decision not to defend Thomas and Tillery after receiving demands from attorney Mark Andrews dated January 24, 2005 and February 22, 2005.

9.  Any and all documents related to what U. S. Fire did to respond to Thomas and Tillery's demands for defense and/or indemnity dated January 24, 2005 and February 22, 2005.

10. Any and all documents related to what U.S. Fire did to respond to Thomas and Tillery's demands for settlement from Mark Andrews dated February 17, 2005 and August 3, 2005.

11. Any and all documents related to the position taken by U. S. Fire in a pleading on November 29, 2004 that Thomas and Tillery were insured under its policies.

12. Any and all documents related to U. S. Fire's decision not to defend Thomas and Tillery from February 6, 2004 until November 29, 2004.

13. Any and all documents related to U. S. Fire's decision not to defend Thomas and Tillery from April 13, 2004 until November 29, 2004.

14. Any and all documents related to U. S. Fire's decision not to defend Thomas and Tillery from November 29, 2004 until the conclusion of the underlying liability

Page 3 of 5

lawsuit, after coverage had already been admitted for Thomas and Tillery under U.S. Fire's policies.

K. Donald Simms (Fed ID: SIMMK9801)
Joseph E. B. Stewart (Fed ID: STEWJ6903)
Attorneys for plaintiff, Canal Insurance Company

**OF COUNSEL:**

AUSTILL, LEWIS & SIMMS, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927
Telephone:    (205) 870-3767
Facsimile:    (205) 870-3768

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this _19_ day of January , 2006 to:

Carol Ann Smith
**SMITH & ELY, LLP**
2000 A Southbridge Pkwy.
Suite 405
Birmingham, AL 35209

Scott M. Salter, Esq.
**STARNES & ATCHISON**
P.O. Box 598512
Birmingham, Alabama 35259

Joseph Daniel Talmadge, Jr.
**MORRIS, CARY, ANDREWS**
**& TALMADGE, LLC**
3334 Ross Clark Circle
P. O. Box 1649
Dothan, Alabama 36302

Jodi DuBose
**AMERICAN COURT REPORTING**
P. O. Box 12765
Birmingham, AL 35202

OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

CANAL INSURANCE COMPANY,    )
         )
    Plaintiff,        )
         )
vs.         )    CIVIL ACTION NO. 04-0094-CG-C
         )
UNITED STATES FIRE INSURANCE    )
COMPANY, et al,        )
         )
    Defendants.        )
         )

## DEFENDANT U.S. FIRE'S RESPONSES TO CANAL'S "SECOND REQUEST FOR PRODUCTION OF DOCUMENTS"

Defendant United States Fire Insurance Company ("U.S. Fire") hereby responds to Plaintiff Canal Insurance Company's ("Canal's") "Second Set of Requests for Production of Documents to Defendant United States Fire Insurance Company."

A response or objection to any document request does not necessarily signal agreement with any statements of fact or presuppositions contained in that request.

### General Objections to Canal's Second Set of Requests for Production of Documents to Defendant United States Fire Insurance Company

1.    U.S. Fire objects, generally, to these requests on the basis that the requests are vague, ambiguous, overly broad, and are beyond the scope of discovery.

2.    U.S. Fire objects to each and every request to the extent that the information or documents sought, if any, were obtained and prepared in anticipation of litigation or for trial, and Canal has made no showing that they have substantial need for the materials or information in the preparation of their case and that they are unable, without undue hardship, to obtain the substantial

equivalent of the materials or information by other means.

3. U.S. Fire objects to each and every request to the extent that the information or documents sought, if any, are privileged and are not discoverable under Rule 26(b)(3) of the *Federal Rules of Civil Procedure* and *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385(1947).

4. U.S. Fire objects to each and every request to the extent that the information or documents sought, if any, are protected by the attorney-client privilege or work product immunity or other applicable privileges or immunities.

5. U.S. Fire objects to each and every request to the extent that the information or documents sought, if any, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6. U.S. Fire objects to each and every request to the extent that it seeks discovery that is unreasonably cumulative or is a request for information that is equally available to Canal, and the burden on Canal to obtain the requested information or documents is no greater than the burden on U.S. Fire.

7. U.S. Fire objects to each and every request to the extent that it seeks documents that are not in U.S. Fire's possession, custody, or control.

8. U.S. Fire objects to each and every request to the extent that it seeks information that is a trade secret or other confidential research, development, or proprietary information, including confidential policyholder information.

9. U.S. Fire objects to each and every request to the extent that it seeks an answer involving an opinion or a contention that relates to fact or the application of law to fact.

10. U.S. Fire objects to each and every request to the extent that it is not limited by

2

reference to a relevant time period and are not reasonably limited in geographic scope.

11. U.S. Fire objects to each and every request to the extent it seeks confidential business information and/or documents of a proprietary nature concerning, among other things and without limitation, internal policies and procedures, whether memorialized in writing or manuals or otherwise. U.S. Fire also objects to Plaintiffs' requests to the extent that they seek information and/or documents that are neither relevant to any issue in this litigation nor likely to lead to the discovery of admissible evidence.

12. U.S. Fire objects to each and every request to the extent it seeks information and/or documents that would violate any constitutional, statutory, common law, or other privacy interest of any current or former employee, representative, or insured of U.S. Fire.

*Responses to Canal's Second Set of Requests for Production of Documents to Defendant United States Fire Insurance Company*

1. *Any and all documents related to the receipt of Correspondence from Tony Higgins regarding Canal's February 6, 2004 and April 13, 2004 demands for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding

3

those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request for production because the requested documents are protected by the attorney-client privilege.

Third, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

2.    *Any and all documents related to what U.S. Fire did to investigate facts giving rise to coverage under U.S. Fire's policies with respect to Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

4

are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

**3.**   *Any and all documents related to what U.S. Fire did to respond to Canal's February 6, 2004 and April 13, 2004 demands for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

5

**4.**     *Any and all documents related to why there was a nine (9) month delay by U.S. Fire in responding to Canal's February 6, 2004 demand for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005* Order.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

**5.**     *Any and all documents related to why there was a nearly seven (7) month delay by U.S. Fire in responding to Canal's April 13, 2004 demand for defense and/or indemnity on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this

6

request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

6.   *Any and all documents related to the decision of U.S. Fire to wait nine (9) months in responding to Canal's February 6, 2004 demand for defense and/or indemni[t]y on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding

those issues." *See* Doc. 143, *April 1, 2005* Order.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

7.    *Any and all documents related to the decision of U.S. Fire to wait nearly seven (7) months in responding to Canal's April 13, 2004 demand for defense and/or indemni[t]y on behalf of Jason Tillery and Christopher Thomas, Inc.*

**RESPONSE:**

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005* Order.

Second, U.S. Fire objects to this request because the request seeks materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege

to the extent that the request seeks to discover attorney-client communications.

8. *Any and all documents related to U.S. Fire's decision not to defend Thomas and Tillery after receiving demands from attorney Mark Andrews dated January 24, 2005 and February 22, 2005.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

9. *Any and all documents related to what U.S. Fire did to respond to Thomas and Tillery's demands for defense and/or indemnity dated January 24, 2005 and February 22, 2005.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because

9

the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

10. *Any and all documents related to what U.S. Fire did to respond to Thomas and Tillery's demands for settlement from Mark Andrews dated February 17, 2005, and August 3, 2005.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and

are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

11.   *Any and all documents related to the position taken by U.S. Fire in a pleading on November 29, 2004 that Thomas and Tillery were insured under its policies.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

12.   *Any and all documents related U.S. Fire's decision not to defend Thomas and Tillery from February 6, 2004 until November 29, 2004.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

11

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order*.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

13. *Any and all documents related U.S. Fire's decision not to defend Thomas and Tillery from April 13, 2004 until November 29, 2004.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order*.

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental

12

impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

14. *Any and all documents related U.S. Fire's decision not to defend Thomas and Tillery from November 29, 2004 until the conclusion of the underlying liability lawsuit, after coverage had already been admitted for Thomas and Tillery under U.S. Fire's policies.*

In addition to the grounds stated above in its general objections, U.S. Fire objects to this request on the following grounds:

First, this request seeks materials that are irrelevant and not otherwise discoverable because the request is not directed at material relevant to, or reasonably calculated to lead to the discovery of material relevant to, "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *See* Doc. 143, *April 1, 2005 Order.*

Second, U.S. Fire objects to this request because the requested documents are materials prepared by or for a party in anticipation of litigation, including materials containing the mental impressions, conclusions, opinions, and legal theories of an attorney or representative of a party, and are protected by the work-product doctrine.

Third, U.S. Fire objects to this request for production on the basis of attorney-client privilege to the extent that the request seeks to discover attorney-client communications.

13

<u>Elizabeth Bowles</u>
Carol Ann Smith (ASB-3485-T81C)
Elizabeth Bowles (ASB 7308-A54B)
Attorneys for United States Fire Insurance
Company

**OF COUNSEL:**
Smith & Ely, LLP
2000-A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
Telephone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| __x__ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | E-File |

on this the 21st day of February, 2006.

<u>Elizabeth H. Bowles</u>
OF COUNSEL

cc:
Joseph Edward Bishop Stewart
K. Donald Simms
Austill, Lewis & Simms, P.C.
2101 Highland Avenue South
Suite 500
Birmingham, AL 35205

William E. Pipkin, Jr.
Austill, Lewis & Simms, Pipkin & Moore, P.C.
Commerce Building

14

Suite 508
118 North Royal Street
Mobile, AL 36602

Joseph Daniel Talmadge, Jr.
Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge
3334 Ross Clark Circle
Dothan, AL 36302

Scott M. Salter
Starnes & Atchison, LLP
100 Brookwood Place
7th Floor
Birmingham, AL 35209