# Exhibit A

Issued by the

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

Canal Insurance Company

**SUBPOENA IN A CIVIL CASE**

v.

Golden Peanut Company, LLC, et al.

Case Number:[1]   CV-04-0094-CG-C

In the United States District Court Southern District of Alabama

**TO:** Anthony Higgins
Nix Holtsford Gilliland Higgins & Histon, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
| Anthony Higgins<br>Nix Holtsford Gilliland Higgins & Histon, P.C.<br>4001 Carmichael Road, Suite 300<br>Montgomery, AL 36103-4128 | After 14 days of service |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalve, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Donald Simms, Attorney for Plaintiff | 3-10-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

K. Donald Simms
AUSTILL, LEWIS, & SIMMS, P.C.
2101 Highland Avenue South, Suite 500
Birmingham, AL 35205
(205) 870-3767

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

**SERVED ON (PRINT NAME)**          **MANNER OF SERVICE**

**SERVED BY (PRINT NAME)**          **TITLE**

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE                    SIGNATURE OF SERVER

                                                      ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT TO SUBPOENA TO
## Anthony Higgins

Our File No.  :  930-079

Counsel may redact his mental impressions from the requested documents below.

1. Produce any and all documents that relate, in any way, to Golden Peanut Company, LLC's United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance Company's decision to demand defense and/or indemnity from Canal Insurance Company on or about January 7, 2004.

2. Produce all communication sent to U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for demand for defense and/or indemnity made on behalf of Thomas and Tillery with respect to U.S. Fire's and St. Paul's policies of insurance.

3. Produce all communications received from U.S. Fire and/or St. Paul regarding Canal's February 6, 2004 demand for defense and/or indemnity made on behalf of Thomas and Tillery with respect to U.S. Fire's and St. Paul's policies of insurance.

4. Produce any and all documents that relate, in any way, to your written representation made on or about February 25, 2004 that United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance would respond to Canal's demand for defense and/or indemnity "as quickly as possible."

5. Produce any and all documents that relate, in any way, to Golden Peanut Company LLC's decision to answer interrogatories in the underlying lawsuit styled *Virginia L. Arnold and husband, James Arnold versus Christopher Thomas, Inc., incorrectly designated as Thomas Trucking, Inc., a corporation and Golden Peanut Company, LLC, in the United States District Court for the Southern District of Alabama (CV-03-0819-CG-C)* (hereinafter "the underlying lawsuit"), on or about March 19, 2004, and take the position that Golden Peanut was not a motor carrier under ICC Regulations.

6. Produce any and all documents that relate, in any way, to the affidavit signed by Dennis Robbins on or about November 24, 2004, wherein he stated that "[t]he agreement between Golden Peanut and Christopher Thomas, Inc., was an agreement for services, not a lease, contract of hire, bailment, rental agreement, or any similar contract or agreement pertaining to any specific equipment or vehicles".

7. Produce any and all documents that where U.S. Fire instructed you to file a summary judgment response and admit that Thomas and Tillery were insured under U.S. Fire's policies of insurance.

8. Produce any and all documents that relate, in any way, to U.S. Fire's decision to admit that Thomas and Tillery were permissive insured under both layers of U.S. Fire's coverages on or about November 29, 2004.

9. Produce any and all documents that relate, in any way, to U.S. Fire's and St. Paul's decision not to defend Thomas and Tillery in the underlying liability lawsuit.

10. Produce any and all documents that relate, in any way, to Golden Peanut's decision to object on or about November 30, 2004, to Canal's Request for Admission number 8, wherein Canal requested that Golden Peanut to admit or deny that Golden Peanut is a "motor carrier" as defined by 49 C. F. R. §387.5.

11. Produce any and all documents that relate, in any way, to the unqualified tender of $1,000,000.00 by U.S. Fire with regards to its Commercial Auto Policy on behalf of Golden Peanut, Thomas and Tillery in the underlying *Arnold* action that was made on or about January 28, 2005.

12. Produce any and all documents that relate, in any way, to the unqualified tender of $1,000,000.00 by US Fire with regards to its Commercial Auto Policy on behalf of Golden Peanut, Thomas and Tillery in the underlying *Arnold* action that was made on or about February 14, 2005.

13. Produce any and all responses from U.S. Fire and/or St. Paul to the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

14. Produce any and all documents, correspondence or other communications that you sent to U.S. Fire and/or St. Paul regarding the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.

15. Produce any and all documents, correspondence or other communications that you received from U.S. Fire and/or St. Paul regarding the demand made by Canal Insurance Company for coverage on behalf of Thomas and Tillery.